■ Brown, Harris, Stevens, Inc., Respondent, v Bankers Trust Company, Appellant. Bankers Trust Company, Defendant and Interpleading Plaintiff, v Kenneth D. Laub & Company, Inc., Interpleaded Defendant. Bankers Trust Company, Third-Party Plaintiff-Respondent, v Loeb Rhoades, Hornblower & Co. et al., Third-Party Defendants-Appellants. — Cross appeal by third-party defendants Loeb Rhoades, Hornblower & Co. and Shearson Hayden Stone, Inc., and third-party complaint by Bankers Trust Co. are unanimously dismissed as moot, without costs, without prejudice to further proceedings on new pleadings in the light of the settlement of the main action. Plaintiff Brown, Harris, Stevens, Inc., sued defendant Bankers Trust Co. for brokerage commissions. Thereafter plaintiff served a supplemental complaint adding three causes of action (fifth, sixth and seventh) claiming further commissions based upon a certain amendment of lease. The fifth cause of action was for a sum of money, the sixth and seventh causes of action were for declaratory judgment. Thereupon, defendant Bankers Trust Co. served a third-party complaint upon the third-party defendants, the tenants, demanding judgment against the third-party defendants for any amount that might be recovered against Bankers Trust by plaintiff Brown, Harris, Stevens, Inc., upon the said additional causes of action. There were motions by various parties: (a) to dismiss the Brown, Harris, Stevens complaint; (b) to dismiss certain affirmative defenses in Bankers Trust's answer; (c) for a severance of the third-party complaint; and (d) to dismiss the third-party action. During the pendency of the appeal all aspects of the case were settled except (d). There was thus left pending

before us only the appeal by the third-party defendants Loeb Rhoades, Hornblower & Co. and Shearson Hayden Stone, Inc., from the denial of their motion to dismiss the third-party action for failure to state a cause of action. But the third-party complaint seeks indemnification only with respect to the causes of action asserted in the supplemental complaint. As that supplemental complaint is no longer being asserted, both the supplemental complaint and the third-party complaint based thereon are moot. There is no need for this court to determine whether an anticipatory third-party complaint properly states a cause of action for money damages, and for declaratory judgment in some future contingency, when the situation has radically changed by reason of a settlement of the main action so that presumably there is no longer any need asserted by plaintiff for declaratory judgment. The issue of whether third-party defendants Loeb Rhoades, Hornblower & Co., *et al.*, are liable to third-party plaintiff Bankers Trust Co. for indemnification with respect to the settlement should be determined in the context of pleadings which relate to the claims now being asserted and the present factual situation, rather than to claims no longer being asserted and a factual situation which no longer exists. Concur — Kupferman, J.P., Birns, Sullivan, Markewich and Silverman, JJ.